```
               IN THE UNITED STATES DISTRICT COURT

           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MIGUEL ANGEL DIAZ-MEJIA,     :
              Petitioner     :
                             :
       v.                    :  CIVIL NO. 2:02-CV-04454-JCJ
                             :
JOHN ASHCROFT, UNITED        :
STATES ATTORNEY GENERAL,     :
et al.,                      :
              Respondents    :
                             :
                             :
```

## GOVERNMENT"S MOTION TO LIFT STAY OF REMOVAL

I. BACKGROUND

In this alien habeas corpus case, the petitioner was convicted of trafficking in cocaine in New Bedford, Bristol County, Massachusetts in about 1991. He was arrested in the Summer of 1994, and was released on bail. Apparently he skipped, and came back into the custody of the Massachusetts authorities sometime in 1996.

On April 24, 1996 Congress passed the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, tit. I, 110 Stat. 1214 (24 April 1996) ("AEDPA"). Section 440(d) of the AEDPA eliminated what was known as the "Section 212(c)" waiver for aggravated felon

-1-

aliens without regard to time served. The section 212(c) waiver (codified at 8 U.S.C. § 1182(c), repealed 1996) was the principal deportation waiver for resident aliens with criminal convictions facing proceedings.

Four months after the waiver was proscribed for aggravated felon aliens, Diaz pleaded guilty (in July 1996) to an aggravated felony (drug trafficking). Following his sentence he was taken into custody by INS and ordered removed. Diaz was detained in Pennsylvania.

On or about May 9, 2002 counsel filed a habeas corpus petition in the Southern District of New York, seeking review of the order and a stay of removal. The district court there issued a stay "until further order of the Court" and transferred the case to this Court on July 3, 2002.

The government answered the petition on July 23, 2002.

On Friday, October 25, 2002 Diaz learned that his removal to the Dominican Republic was imminent. In a telephonic hearing Friday evening, Judge Yohn (the emergency judge) restrained the removal until this Court affirmatively lifted the New York court's stay.

II. ARGUMENT

Following the passage of the 1996 amendments to the Immigration & Nationality Act (INA), there is no longer any requirement that an alien remain in the United States while his final order is reviewed by a federal court; see Moore v. Ashcroft, 251 F.3d 919, 922 (11th Cir. 2001). In other words, following the repeal of 8 U.S.C. § 1105a(c), federal courts retain jurisdiction to review orders lodged against aliens following their expulsion. Id. The concomitant to this is that "stays" of removal are no longer "automatic" upon a judicial filing, cf. 8 U.S.C. § 1105a(a)(3) (1994). Because the Court can consider the merits of a properly-filed habeas petition while the alien is abroad, under the post-1996 immigration law a stay is appropriate only if the alien persuades the Court "by clear and convincing evidence that the entry or execution of such [removal] order is prohibited as a matter of law...." 8 U.S.C. § 1252(f)(2). See Weng v. U.S. Attorney General, - F.3d -, 2002 WL 533658, *1 (11th Cir. Apr. 10, 2002); Hypolite v. Blackman, 57 F.Supp.2d 128, 132 (M.D.Pa. 1999)(applying § 1252(f)(2) to habeas cases); but cf. Andreiu v. Reno, 223 F.3d 1111 (9th Cir. 2000), superseded

by 253 F.3d 477, 479-84 (9th Cir. 2001) (en banc) ("enjoin" term in § 1252(f)(2) does not include "stay").

It follows that most aliens, and certainly Western Hemisphere aliens like Diaz, cannot establish any irreparable harm that warrants a stay of removal. If they prevail in the courts, they can be readmitted, a very simple matter in Diaz's case.

In addition to no irreparable harm, Diaz cannot establish any likelihood of success on the merits. His legal claim is weak in the extreme; he argues that even if aggravated felons like him were not statutorily eligible for a section 212(c) waiver when he pleaded guilty in July 1996, nonetheless he should be considered because the waiver was not repealed until September 30, 1996. The argument is foreclosed by our Circuit's decision in Perez v. Elwood, 294 F.3d 552, 558 (3d Cir. 2002). In Perez, the circuit analyzed the application of the Supreme Court's decision in INS v. St. Cyr, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and noted "[i]n St. Cyr, the Supreme Court considered whether 'the restrictions on discretionary relief from deportation contained in [AEDPA and IIRIRA] ... apply to removal proceedings brought against an alien who pled

guilty to a deportable crime <u>before their enactment</u>.'" 294 F.3d at 556 (emphasis added). Here Diaz pleaded guilty to an aggravated felony <u>after</u> the enactment of AEDPA and its restriction on the waiver for aggravated felons. He could not possibly have had any reliance on its availability, the touchstone of the retroactivity analysis in <u>St. Cyr.</u> That the waiver was repealed later for other aliens is irrelevant.

Finally, the New York district court's open-ended stay was improvidently issued. As noted above, the INA authorizes a stay only when the evidence of illegality in the removal order is "clear." 8 U.S.C. § 1252(f)(2). While a brief restraining order may be unobjectionable while the habeas case is in transit between districts, an open-ended stay in a case like this is an abuse of discretion.[1]

III. <u>CONCLUSION</u>

For the foregoing reasons, the government requests that the Court lift the stay and permit Diaz' removal, without prejudice to his pending habeas petition. An appropriate order will be forwarded by diskette along with

---

[1] Counsel has suggested, no doubt accurately, that some or all of Judge Batts' order was predicated on a stipulation by the United States Attorney's Office in Manhattan.

-5-

the Court's courtesy copy of this motion.

                              Respectfully,

                              PATRICK L. MEEHAN
                              United States Attorney

_____   _____
                              JAMES G. SHEEHAN
                              Assistant United States Attorney
                              Chief, Civil Division

                              _____
                              STEPHEN J. BRITT
                              Assistant United States Attorney

## *Certificate of Service*

I certify hereby that on the 29th Day of October, 2002 I personally served or caused to be served a copy of the attached Government's Motion To Lift Stay Of Removal, addressed to:

> Jorge Guttlein Esquire
> Aranda & Guttlein
> 291 Broadway Suite 1500
> New York NY   10007
>
> Attorney *pro pet.*

by first class mail service upon counsel.

STEPHEN J. BRITT
Assistant United States Attorney
Suite 1250, 615 Chestnut Street
Philadelphia, PA 19106-4476
(215) 861-8443
(215) 861-8642      telecopier
