## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL ANGEL DIAZ, | : | CIVIL ACTION |
| | : | |
| Petitioner, | : | 2:02-CV-04454 |
| | : | |
| v. | : | |
| | : | |
| JOHN ASHCROFT, EDWARD MCELROY, | : | |
| KENNETH ELWOOD, and the | : | |
| IMMIGRATION AND NATURALIZATION | : | |
| SERVICE, | : | |
| | : | |
| Respondents. | : | |

## ORDER

AND NOW, this        day of February, 2003, upon
consideration of the Petitioner's Motion for Reconsideration
(Document No. 8), it is hereby ORDERED that the Motion is
DENIED.[1]

_____

[1]    "The purpose of a motion for reconsideration is to
correct manifest errors of law or fact or to present newly
discovered evidence." Max's Seafood Cafe v. Quinteros, 176 F.3d
669, 677 (3d Cir. 1999).  "Under Rule 59(e), a party [seeking
reconsideration] must rely on one of three grounds: (1) the
availability of new evidence not previously available, (2) an
intervening change in controlling law, or (3) the need to correct
a clear error of law or to prevent manifest injustice." Moy v.
M&T Mortgage Corp., No. CIV.A. 01-5693, 2002 WL 1001146, * 1
(E.D. Pa. May 15, 2002)(citing Smith v. City of Chester, 155
F.R.D. 95, 96-97 (E.D. Pa. 1994)).
    On December 4, 2002, this Court entered an Order granting
Respondents' Motion to Lift Stay of Removal.  Petitioner now
moves for reconsideration of this Order.  However, Petitioner has
not asserted any of the required grounds justifying
reconsideration; in fact, Plaintiff has not even addressed the
legal standard governing motions for reconsideration.  Since
Petitioner has not set forth any reason why this Court should
reconsider its prior decision to lift the stay of removal,
Petitioner's Motion for Reconsideration is DENIED.

BY THE COURT:

_____
J. CURTIS JOYNER, J.